```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Thomas Attard**

   **v.**                                              Case No. 06-cv-355-PB
                                                                 Document No. 2007 DNH 063

**Jean Benoit, et al.**

## **O R D E R**

Thomas Attard sued his former employer, the University of New Hampshire, and the chair of the department in which he worked, Jean Benoit, after the University declined to renew his employment contract.  Benoit seeks judgment on the pleadings with respect to Attard's claims for wrongful termination, tortious interference with contractual relationship, and misrepresentation.  I address each of Benoit's arguments in turn.

### **I.   WRONGFUL TERMINATION**

Benoit cites several decisions of this court which hold that a wrongful termination claim ordinarily may not be maintained against a co-employee.  See Singleterry v. Nashua Cartridge

Prods., Inc., 1995 WL 54440 (D.N.H. 1995); Miller v. CBC Cos., Inc., 908 F.Supp. 1054, 1066 (D.N.H. 1995); Bourque v. Town of Bow, 736 F. Supp. 398, 401 (D.N.H. 1990).  Attard responds by correctly noting that the New Hampshire Supreme Court has recently held that a wrongful termination claim sounds in tort. Porter v. City of Manchester, 151 N.H. 30 (2004).  The decision Attard relies on, however, does not authorize a wrongful termination claim to be maintained against a co-employee.  Nor has Attard cited any other case which has so held.  While I can conceive of public policy arguments to support either party's position on the issue.  Attard has failed to present any reasoned argument to justify a departure from this court's precedents. Accordingly, I decline to expand New Hampshire law in the manner he suggests.  Benoit's motion for judgment on the pleadings with respect to Attard's wrongful termination claim is granted (Doc. No. 11).

## II. INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

Benoit argues that he cannot be liable for interfering with Attard's employment contract because he was Attard's co-employee.

Although I agree with the general proposition that a co-employee ordinarily cannot be held liable for interfering with his employer's contracts if he was acting within the scope of his employment, I cannot determine from the pleadings alone whether Benoit was acting within the scope of his employment. Accordingly, I deny Benoit's request for judgment on the pleadings with respect to this issue.

### III. MISREPRESENTATION CLAIM

I deny Benoit's motion for judgment on the pleadings with respect to Attard's misrepresentation claim because the claim turns on disputed facts.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 4, 2007

cc:  Paul McEachern, Esq.
     Martha Van Oot, Esq.